J-S41004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD M. STREET, | |
| Appellant | No. 2174 MDA 2014 |

Appeal from the Judgment of Sentence entered November 7, 2014,
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0005848-2013
and CP-36-CR-0000277-2014

BEFORE:  ALLEN, LAZARUS, and PLATT*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JUNE 26, 2015**

Edward M. Street ("Appellant") appeals from the judgment of sentence imposed following his convictions for robbery, aggravated assault, and burglary at Docket No. 5848 of 2013, and one count of burglary at Docket No. 277 of 2014.[1]  Appellant's counsel has filed an **Anders**[2] brief, together with a petition to withdraw as counsel.  We affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[1] 18 Pa.C.S.A § 3701(a)(1)(i), 2701(a)(1), 3502(a)(1) and 3502(a)(2).

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967).

*Retired Senior Judge assigned to the Superior Court.

The pertinent facts are as follows: On November 5, 2013, officers from the Lancaster City Bureau of Police were dispatched to 41 E. Filbert Street following a report of an assault at that location. Affidavit of Probable Cause, 11/7/13; N.T., 8/14/14 at 6-7. Upon arriving at the scene, Officer Reppert located two victims, Sandra Geibe and Robert Rineer, both of whom had sustained injuries to the head and were bleeding. *Id*. Ms. Geibe informed the officers that Appellant, a son of one of her friends, had knocked on her door, forced his way into the house, struck her multiple times in the head with a piece of concrete, demanded money and her credit card, and took $1.50 from her purse. *Id*. Mr. Rineer, who was 91 years old at the time, also related to the police that the perpetrator, whom he knew as "Monroe", had entered the house, demanded money from him, and struck Mr. Rineer in the head, causing him to lose consciousness. *Id*. The victims were transported to Lancaster General Hospital for treatment, and both required head staples for their injuries. *Id*. Also, the officers recovered a bloodied brick from the scene. *Id*. Ms. Geibe later identified Appellant as her assailant from a photographic lineup. Appellant was subsequently arrested and charged with burglary, aggravated assault, and robbery at Docket No 5848 of 2013.

Additionally, at Docket No 277 of 2014, Appellant was charged with another burglary that occurred on November 6, 2013, when Appellant entered the residence of Albert Honsher and Robert Wilson and took several items from their residence without permission. N.T., 8/14/14, at 8.

- 2 -

On August 14, 2014, Appellant entered guilty pleas at both docket numbers. On November 7, 2014, the trial court sentenced him at Docket 5848 of 2013 to 8 to 20 years of imprisonment for robbery, a consecutive 7 to 20 years for aggravated assault, and a consecutive 5 to 20 years of burglary, for an aggregate term of imprisonment of 20 to 60 years. At Docket No. 277 of 2014, the trial court sentenced Appellant to a concurrent 3 to 20 years of imprisonment for burglary. No post-sentence motions were filed. However, on November 19, 2014, Appellant filed a "Request to File Post Sentence Motion Nunc Pro Tunc and Motion to Modify Sentence." That same day, the trial court entered orders granting Appellant's request to file a post-sentence motion *nunc pro tunc*, but denying his post-sentence motion for modification of his sentence.

On December 19, 2014, Appellant's counsel filed a notice of appeal. By order dated December 29, 2014, the trial court directed Appellant's counsel to file a concise statement of errors complained of on appeal. On January 16, 2014, Appellant's counsel filed a statement of intent to file an ***Anders/McClendon*** Brief in lieu of a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(c).

Appellant raises the following issues for our review, which we have paraphrased for clarity:

I. Whether the trial court abused its discretion when it sentenced Appellant to 20 to 60 years of imprisonment?

II. Whether Appellant's guilty plea was illegal because it was not entered knowingly, voluntarily, and intelligently?

- 3 -

III.  Whether the sentencing decision of Judge Madenspacher of the Lancaster County Court of Common Pleas was tainted by the fact that his five year term as President Judge was about to expire?

***Anders*** Brief at 8-12.

Preliminarily, we note that Appellant's counsel has filed a brief pursuant to ***Anders*** and its Pennsylvania counterpart, ***McClendon***. ***See Anders***, 386 U.S. 738; ***McClendon***, 434 A.2d at 1187. Where an ***Anders/McClendon*** brief has been presented, our standard of review requires counsel seeking permission to withdraw pursuant to ***Anders*** to: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. ***Commonwealth v. McBride***, 957 A.2d 752, 756 (Pa. Super. 2008). Counsel is required to submit to this Court "a copy of any letter used by counsel to advise the appellant of the rights associated with the ***Anders*** process." ***Commonwealth v. Woods***, 939 A.2d 896, 900 (Pa. Super. 2007). Pursuant to ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009), appellant's counsel must state in the ***Anders*** brief the reasons for concluding that the appeal is frivolous. If these requirements are met, this

Court may then review the record to determine whether we agree with counsel's assessment that the appeal is frivolous.

In the instant case, by letter dated April 27, 2015, Appellant's counsel notified Appellant of her intent to file an ***Anders*** brief and petition to withdraw with this Court, and informed Appellant of his rights to retain new counsel and raise additional issues. That same day, Appellant's counsel filed an appropriate petition seeking leave to withdraw. Finally, Appellant's counsel has submitted an ***Anders*** brief to this Court, with a copy provided to Appellant. Accordingly, the technical requirements of ***Anders*** have been met. We will therefore conduct our own independent examination of the issues set forth in counsel's brief to determine if they are frivolous and whether counsel should be permitted to withdraw.

In his first issue, Appellant argues that the trial court abused its discretion when it sentenced him to an aggregate term of imprisonment of 20 to 60 years. This Court has explained that "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Treadway***, 104 A.3d 597, 599 (Pa. Super. 2014) (citations omitted).

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007).

Appellant has preserved his claim by filing a post-sentence motion and timely notice of appeal. Although Appellant failed to include in his brief a concise statement pursuant to Pa.R.A.P. 2119(f), the Commonwealth has not objected. Therefore, we decline to find waiver, and proceed to determine whether Appellant has raised a substantial question for our review. ***See Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004) (explaining that when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may decline to find waiver).

To the extent Appellant argues that the trial court imposed a sentence that was manifestly excessive and unreasonable without appropriately considering the relevant sentencing factors, such a claim raises a substantial question for our review. ***See Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1266 (Pa. Super. 2014) *quoting* ***Commonwealth v. Dodge***, 77 A.3d 1263, 1272, n.8 (Pa. Super. 2013) (["]A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question, whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.").

Our standard of review of such a discretionary challenge is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:

> [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Furthermore, Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The ... weighing of factors under 42 Pa.C.S. § 9721(b) [is] exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

***Commonwealth v. Bricker***, 41 A.3d 872, 875-876 (Pa. Super. 2012)

(citations omitted).

- 7 -

Here, at the sentencing hearing, the trial court, which had the benefit of a pre-sentence investigation and a psychological evaluation, heard from the victim, Ms. Geibe, who explained how the crime had affected her.  N.T., 11/7/14, at 3-4.   Additionally, the trial court heard from Appellant's stepfather and sister, who testified to Appellant's high intellect and artistic abilities, and the detrimental effects of his difficult childhood.  *Id*. at 5-6. The trial court then heard from Appellant's counsel and counsel for the Commonwealth, as well as from Appellant, who expressed remorse for his actions.  *Id*. at 7-12.

Thereafter, the trial court expressed its rationale for Appellant's sentence:

> [Appellant], I would like to focus entirely on you and getting you help.  But ... I have to think about the community and the people that are out there.
>
> You've had a horrible childhood, there's no question about that.  You have [an] incredible criminal record, similar types of crimes like in this particular case.
>
> And it really does appear strange for someone who is as intelligent and gifted as you are.  It doesn't make sense whatsoever for someone like you to be in front of me and in court.
>
> But I have to look at the past here ... The only thing I have to even get any idea of what the future is going to be is what you have done in the past.
>
> And it has not been pretty ... . [Y]ou're 32 years old and you really have a history of drug use, crime, not really holding down jobs, drifting around, a lot of time in prison.

You know, to be quite frank, I'm not sure that this can ever be changed. At your age, I'm just not sure that this can ever be changed.

And we get to the one crime in here where the victims were 56 and 91-years-old. And that is particularly troubling, because in my opinion, the force that you used in that case far exceeded what was necessary to commit the crime; in other words, if you wanted to go into that house to rob and steal, you did not need to do that.

Your sentencing guidelines are horrendous in this particular case. I hope that you get the help that you need and I hope at some point in life you can get out and be a productive citizen.

For now, my focus is on the community here, [Appellant]. I care about you, but I care about innocent people being hurt by you.

N.T., 11/7/14, at 14.

Upon review, we discern no abuse of discretion. The trial court, after considering the pre-sentence investigation report and the guidelines, appropriately took into account the requisite sentencing factors, including the severity and impact of the crime on the victims and the public, Appellant's age, character, criminal history, and rehabilitative needs. We conclude that the record supports the trial court's reasoning and that its sentencing decision comports with the applicable law. The trial court appropriately considered all of the evidence presented at the sentencing hearing to impose an individualized sentence that neither exceeded the guidelines, nor fell outside of the statutory limits, and which was clearly not unreasonable. *Id.* Appellant's discretionary claim fails.

Appellant also argues that his guilty plea was invalid. **Anders** Brief at 10-12. Specifically, Appellant asserts that his counsel coerced him into pleading guilty, and that he was not informed by his counsel as to whether the Commonwealth had offered him a plea agreement. **Id**. Appellant thus maintains that his plea was not tendered knowingly, intelligently and voluntarily, and that he should have been permitted to withdraw his plea.

Before we address the merits of this claim, we must determine whether Appellant has preserved it for appellate review. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Moreover, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." **Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa. Super. 2003). Where the appellant fails to preserve his challenge to the validity of the guilty plea by objecting at the sentencing colloquy or otherwise raising the issue at the sentencing hearing or through a post-sentence motion, the claim is waived. **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa. Super. 2002).

Here, Appellant failed to file a post-sentence motion seeking to withdraw his guilty plea, and did not otherwise seek to withdraw his plea either at the sentencing hearing or at the hearing on his post-sentence motion. Rather, for the first time on appeal, Appellant argues that his guilty plea was invalid. Because Appellant has not properly preserved this challenge to the validity of his plea, it is waived. Moreover, to the extent that Appellant claims that trial counsel was ineffective for failing to ensure

that the plea was entered knowingly, intelligently, and voluntarily, and by failing to inform him of any plea agreement offered by the Commonwealth, our Supreme Court has made clear that a claim of ineffectiveness will not be heard on direct appeal absent certain circumstances not present in the case at bar. *See Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013). This claim also fails.

In his final issue, Appellant argues that Lancaster County Court of Common Pleas Judge Madenspacher engaged in judicial misconduct at the time of sentencing. *Anders* Brief at 12. Specifically, Appellant asserts that Judge Madenspacher's sentencing determination was somehow influenced by the fact that Judge Madenspacher had been "demoted", and his five-year term as President Judge was going to end two months after Appellant's sentencing date. *Id*.

It is well settled that "during our review of a case, we rely only on facts and documents in the certified record [and this] Court does not rely on items *dehors* the record, such as assertions in an appellate brief or a trial court opinion." *Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008) (citations omitted). Because the terms of Judge Madenspacher's service as President Judge are not a matter of record in this case, and the record is devoid of any evidence of judicial misconduct, we cannot consider Appellant's allegation based on his general, unsupported assertions. Moreover, as explained above, the record reflects that the trial court appropriately considered the relevant statutory factors in fashioning

Appellant's sentence, and there is nothing to support Appellant's contention that the trial court was motivated by any considerations other than the relevant sentencing factors.

Upon careful review, we conclude that Appellant's issues are frivolous. We have conducted an independent review of the record and have found no additional, non-frivolous issues that counsel could have raised on Appellant's behalf. Accordingly, we affirm the judgment of sentence and grant counsel's motion to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2015